■ In the Matter of the Claim of ROSEMARY COURTNEY, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Decision affirmed, without costs. No opinion. Sweeney, J. P., Staley, Jr., Larkin and Herlihy, JJ., concur; Mikoll, J., dissents and votes to reverse in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. The board found that claimant, an assistant librarian at the Utica Public Library, applied to graduate school for the fall 1976 semester; that thereafter she was informed that government funding for her job would run out at some time; that on June 21, 1976 she submitted her resignation effective August 31, 1976; that continuing work was available to her; that she commenced school in September, 1976; that on her claim for benefits filed January 10, 1977 she stated that the reason for her loss of employment was "lack of funds". Based on these findings, the board found that claimant left her employment without good cause and had made willfully false statements to obtain benefits. The findings of the board are not based on substantial evidence. Claimant's original claim for benefits, dated January 10, 1977, contains the following written explanation: "I last worked on 8/31/76 for the Utica Public Library—I left the job to return to school—The funds were low and I would have been let go at a future date." The claim said "I am not working because of lack of funds." The employer submitted a form which stated she left work to earn a master's degree and that she had a job. Her claim was disallowed on January 25, 1977 by the Industrial Commissioner because he found that claimant left her job to go to school while work was available. The claimant thereafter, on February 4, 1977, requested a review. On February 22, 1977 the Industrial Commissioner sent a further notice advising the claimant that she was adjudged to have willfully made false statements to obtain benefits. A four-day penalty was imposed because "You stated you were unemployed due to lack of funds—You had left your job without good cause." The statement of the Industrial Commission submitted at the hearing before the referee made in support of his findings contained the following finding of facts: "1. Claimant, as assistant librarian from July 1, 1970 until August 31, 1976 left her job to return to school. 2. There was continuing work available to the claimant when she quit." At a hearing before the referee, the Director of the Utica Public Library, Helen Dirtadian, testified that on August 31, 1976 the claimant was working as a documents librarian, at half time, that is, 20 hours a week. Claimant had been notified on January 1, 1976 that effective February 1, 1976 she was

part time and that the library funds were to run out about July or August. Based on this information, the claimant informed Ms. Dirtadian that she was going to re-enter graduate school and, on June 21, 1976, she sent a letter of resignation effective August 31, 1976. The director then testified as follows: "Q. Did you have funds for the job after she left? A. I didn't have funds for that job, but a month later I had * * * I did have a vacancy. Q. So she would of had to leave anyway? A. It's possible, yes. Q. As of the end of August, there? A. Possibly, yes. But I did subsequently find out two or three weeks *later* that I had another * * * Q. She may have been able to work a few more days or week if she hadn't of resigned? A. It's a possibility. Q. But you don't know for sure? A. No, I do not know for sure because as I said, we did have a subsequent vacancy that we became aware of around the 1st of October. Q. But this was after she was gone? A. This was after she was gone." The referee found that claimant left her job because governmental funding was running out. She sought further education to get another job. She entered a program for a master's degree. The referee found she left her employment for a compelling reason amounting to good cause and under nondisqualifying conditions. The testimony of Ms. Dirtadian clearly shows that the library was working under difficult financial circumstances and that funds were quickly drying up. The claimant had been forced to work part time during several periods and was informed that she would lose even her half-time work on or about August 31. She left on that date and the record is crystal clear that there were no funds to continue her services on that date. In view of this, her statement on her application was true. The *decision should be reversed.*